IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLENE H. DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1123 |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DISMISSAL, WITHOUT PREJUDICE**

Charlene Daniels sued Ocwen Loan Servicing, LLC in Texas state court, seeking to enjoin the foreclosure of her property and claiming that Ocwen breached the duty of good faith and fair dealing. (Docket Entry No. 1-4). Ocwen timely removed on the basis of diversity jurisdiction, (Docket Entry No. 1), and filed a Rule 12(b)(6) motion to dismiss, (Docket Entry No. 2). FED. R. CIV. P. 12(b)(6). Daniels did not respond.

Based on the petition, the motion to dismiss, the record, and the applicable law, the court grants Ocwen's motion and dismisses this case, without prejudice and with leave to amend. Any amended pleading must be filed by **July 20, 2018**. The reasons are explained below.

**I.    Background**

Charlene Daniels's state court petition, (Docket Entry No. 1-4), alleged that on February 11, 2003, John Edward Middleton, Sr. got a home equity loan for $104,000 from Nova Star Mortgage, Inc., secured by his real property in Missouri City, Texas 77459. *Id.* at ¶ 5.2. Middleton met his monthly payments for over nine years, but went into default when he developed the medical problems that would ultimately cause his death. *Id.* at ¶ 5.3.

Daniels is the heir and executor of Middleton's estate. *Id.* at ¶ 5.1, 5.5. After Middleton died, Daniels inherited his property and began probate proceedings in Fort Bend County. *Id.* at ¶¶ 5.1, 5.4. The probate proceedings were delayed due to Daniels's own medical problems and Middleton's brother's attempts to get financing to purchase the property at issue. *Id.* at ¶ 5.6.

Ocwen accelerated the loan and began foreclosure proceedings. *Id.* at ¶¶ 5.7, 5.9. Daniels contracted to sell the property and asked Ocwen to abate the foreclosure sale until the sale. *Id.* at ¶ 5.8. Ocwen did not respond, and Daniels filed this suit. *Id.* at ¶ 5.9.

Daniels alleges that Ocwen breached its duty of good faith and fair dealing by using tactics "to disgorge [Daniels] of [her] equity in the real property, and asks for damages and an injunction against foreclosure. *Id.* at ¶¶ 1–9, 6.1–6.3.

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a) (2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (quoting *Twombly*, 550 U.S. at 558) (internal quotation marks and alteration omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). A court may deny a motion to amend for futility if an amended complaint would fail to state a claim upon which relief

3

could be granted. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (citing *Stripling v. Jordan Productions Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000)). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

**III.    Analysis**

Ocwen argues that Daniels's only claim—for breach of the duty of good faith and fair dealing—"is not a cognizable claim against a mortgage service in Texas." (Docket Entry No. 2 at ¶ 10). Though Ocwen is incorrect that Texas law never recognizes a claim for a mortgage servicer's breach of the duty of good faith and fair dealing, Ocwen correctly argues that Daniels failed to allege facts that state a claim to relief.

"To show there is a duty in tort based on a contract, a plaintiff must show there is a special relationship between the parties." *Carrington v. Bank of Am., N.A.*, 2013 WL 265946, at *7 (S.D. Tex. Jan. 17, 2013). "Under Texas law, a duty of good faith is implied only in contracts involving a special relationship marked by shared trust or an imbalance in bargaining power, which ordinarily does not include a mortgagor and mortgagee relationship." *Smith v. JPMorgan Chase Bank, N.A.*, 699 F. App'x 393, 395 (5th Cir. 2017) (quoting *FDIC v. Coleman*, 795 S.W.2d 706, 708–09 (Tex. 1990)); *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 341 (5th Cir. 2012); *Anyafulu v. Equicredit Corp. of Am.*, 2016 WL 6885627, at *3 (S.D. Tex. Feb. 19, 2016).

Daniels has not alleged facts that could show a special relationship. Her claim that Ocwen breached the duty of good faith and fair dealing is dismissed, without prejudice and with leave to amend. If Ocwen cannot plead facts that show a special relationship, making amendment futile, her claim will be dismissed, with prejudice and without leave to amend. *Richter v. Nationstar Mortg.,*

4

*LLC*, 2017 WL 4155477, at *3 (S.D. Tex. Sept. 19, 2017).

Because Daniels' breach of the duty of good faith and fair dealing claim is dismissed, she cannot establish any likelihood of success on the merits. Her request for injunctive relief is denied on this record. *Monumental Task Comm., Inc. v. Chao*, 678 F. App'x 250, 252 n.1 (5th Cir. 2017) (citing *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975) ("No matter how severe and irreparable an injury one seeking a preliminary injunction may suffer in its absence, the injunction should never issue if there is no chance that the movant will eventually prevail on the merits.")).

**IV.  Conclusion**

Ocwen's motion to dismiss, (Docket Entry No. 2), is granted. Daniels' claim is dismissed, without prejudice and with leave to amend. Any amended pleading must be filed by **July 20, 2018**.

SIGNED on June 8, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge